

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Ronnie Montgomery, a/k/a
Williams S.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Southern Area),
Agency.

Appeal No. 2020004003

Agency No. 4G-390-0052-20

## DECISION

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from the Agency's final decision dated May 28, 2020, dismissing a formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

## BACKGROUND

During the period at issue, Complainant worked as a Labor Custodian at the Agency's Southaven Post Office in Southaven, Mississippi.

On May 7, 2020, Complainant filed a formal EEO complaint alleging the Agency subjected him to discrimination based on race, color, disability, age, and in reprisal for prior EEO activity when, on January 28, 2020, he received notification that he had no access to postal email or to the telephone to process grievances because of his enforced leave status.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                                    2020004003

In its May 28, 2020 final decision, the Agency dismissed the formal complaint for failure to state a claim, pursuant to 29 C.F.R. § 1614.107(a)(1). Specifically, the Agency found that the subject claim is a collateral attack on the negotiated grievance process. The Agency stated that Complainant should have raised his allegations through the negotiated grievance process, and not through the EEO complaint process.

The instant appeal followed.

## ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. §1614.107(a)(1) provides for the dismissal of a complaint which fails to state a claim within the meaning of 29 C.F.R. §1614.103. To establish standing initially under 29 C.F.R. §1614.103, a complainant must be either an employee or an applicant for employment of the agency against which the allegations of discrimination are raised. In addition, the claims must concern an employment policy or practice which affects the individual in his or her capacity as an employee or applicant for employment. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §1614.103; §1614.106(a). The Commission's Federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994).

An employee cannot use the EEO complaint process to lodge a collateral attack on another adjudicatory proceeding. See Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998); Kleinman v. U.S. Postal Service, EEOC Request No. 05940585 (September 22, 1994); Lingad v. U.S. Postal Service, EEOC Request No. 05930106 (June 24, 1993). The essence of the instant complaint is that the Agency was interfering with his processing of union grievances under the collective bargaining agreement. The proper forum for Complainant to have raised his challenges was within the negotiated grievance process, through arbitration or as an unfair labor practice charge. The EEO complaint process cannot be used to collaterally attack actions which occurred through the negotiated grievance process. The Agency properly dismissed the formal EEO complaint for failure to state a claim.

## CONCLUSION

The Agency's final decision dismissing Complainant's formal complaint for the reason discussed above is AFFIRMED.

3                                                                                           2020004003

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0620)

The Commission may, in its discretion, reconsider this appellate decision if the complainant or the agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx.

Alternatively, complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

**Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.** Any supporting documentation must be submitted together with the request for reconsideration. **The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).**

4            2020004003

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

October 5, 2020
Date

U.S. Department of Labor         Occupational Safety and Health Administration
                                 Washington, D.C. 20210                          

May 15, 2020

Ronnie Montgomery
7555 Woodshire Drive
Horn Lake, MS 38637
Email: ronie2626@yahoo.com

RE: United States Postal Service (USPS)/Montgomery/4-1220-20-038

Dear Mr. Montgomery:

This letter is in response to your April 16, 2020, request for review of the decision to dismiss your complaint against the USPS (Respondent). In your letter, you expressed concern with the Atlanta Regional Office's decision to dismiss your complaint.

The investigative records reflect that you filed a complaint against Respondent on January 13, 2020, alleging that Respondent placed you on leave without pay (LWOP) in retaliation for engaging in alleged protected activity, specifically, for complaining about behaviors by the Post Master, which you alleged created an unsafe environment for you. The Atlanta Regional Office conducted an investigation and determined that protected activity was not the reason for the alleged adverse employment action. Consequently, your complaint was dismissed on April 2, 2020.

The Directorate of Whistleblower Protection Programs (DWPP) completed a review of the investigative case file and determined that there is insufficient evidence to support that Respondent violated Section 11(c) of the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. §660(c). Rather, the evidence demonstrates that Respondent placed you on LWOP after you refused to return to work following several weeks on paid leave and declining an offer to a position at a different post office, among other reasonable accommodation options presented to you for consideration.

Please note that this is the final determination of the Secretary of Labor; your case is now closed.

Sincerely,

**ANTHONY ROSA** Digitally signed by ANTHONY ROSA
Date: 2020.05.15 16:19:53 -04'00'

*for* Francis Yebesi
Acting Director
Directorate of Whistleblower Protection Programs

cc:   Regional Office
      Respondent